STEVEN C. SEEGER (IL Bar No. 6243849)
  seegers@sec.gov
STEVEN L. KLAWANS (IL Bar No. 6229593)
  klawanss@sec.gov
KARA M. WASHINGTON (IL Bar No. 6226335)
  washingtonk@sec.gov

Attorneys for Plaintiff
U.S. Securities and Exchange Commission
175 W. Jackson Boulevard, Suite 900
Chicago, Illinois 60604-2615
Phone:  (312) 353-7390
Fax:  (312) 353-7398

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,  Plaintiff,  v.  JAUYO ("JASON") LEE and VICTOR CHEN,  Defendants,  and  JENNIFER CHEN,  Defendant. | Civil Action No. C 12-5031 RS  **FINAL JUDGMENT AS TO DEFENDANT JAUYO "JASON" LEE** |

**FINAL JUDGMENT AS TO DEFENDANT JAUYO ("JASON") LEE**

The Securities and Exchange Commission having filed a Complaint and Defendant Jauyo "Jason" Lee ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from

this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in

1   connection with any tender offer or request or invitation for tenders, from engaging in any

2   fraudulent, deceptive, or manipulative act or practice, by:

3       (a)    purchasing or selling or causing to be purchased or sold the securities sought or to

4       be sought in such tender offer, securities convertible into or exchangeable for any such

5       securities or any option or right to obtain or dispose of any of the foregoing securities

6       while in possession of material information relating to such tender offer that Defendant

7       knows or has reason to know is nonpublic and knows or has reason to know has been

8       acquired directly or indirectly from the offering person; the issuer of the securities sought

9       or to be sought by such tender offer; or any officer, director, partner, employee or other

10      person acting on behalf of the offering person or such issuer, unless within a reasonable

11      time prior to any such purchase or sale such information and its source are publicly

12      disclosed by press release or otherwise; or

13      (b)    communicating material, nonpublic information relating to a tender offer, which

14      Defendant knows or has reason to know is nonpublic and knows or has reason to know

15      has been acquired directly or indirectly from the offering person; the issuer of the

16      securities sought or to be sought by such tender offer; or any officer, director, partner,

17      employee, advisor, or other person acting on behalf of the offering person of such issuer,

18      to any person under circumstances in which it is reasonably foreseeable that such

19      communication is likely to result in the purchase or sale of securities in the manner

20      described in subparagraph (a) above, except that this paragraph shall not apply to a

21      communication made in good faith:

| | | |
|---|---|---|
|1| (i) | to the officers, directors, partners or employees of the offering |
|2| | person, to its advisors or to other persons, involved in the planning, |
|3| | financing, preparation or execution of such tender offer; |
|4| (ii) | to the issuer whose securities are sought or to be sought by such |
|5| | tender offer, to its officers, directors, partners, employees or advisors or to |
|6| | other persons involved in the planning, financing, preparation or execution |
|7| | of the activities of the issuer with respect to such tender offer; or |
|8| (iii) | to any person pursuant to a requirement of any statute or |
|9| | rule or regulation promulgated thereunder. |

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  __4/24_____, __2014__

_____
UNITED STATES DISTRICT JUDGE

Final Judgment as to Defendant Jauyo "Jason" Lee
Case No. CV-12-5031 RS